UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

_____

| | | |
|---|---|---|
| PAMELA MARIE TEAL, | ) | C/A No.: 4:15-cv-4477-RBH-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **Report and Recommendation** |
| | ) | |
| | ) | |
| WARDEN, CAMILLE GRAHAM | ) | |
| CORRECTIONAL INSTITUTION, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, Pamela Marie Teal, (Petitioner), appearing *pro se*, filed her petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on November 2, 2015. Respondent filed a motion for summary judgment on March 23, 2016, along with a return and memorandum. (Docs. #18 and #19). The undersigned issued an order filed March 24, 2016, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. (Doc. #20). After receiving an extension, Petitioner filed a response on May 19, 2016, and Respondent filed a reply.

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 19.02 (B)(2)(c), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

(Docs. #26 and #27).

## **PROCEDURAL HISTORY**

The procedural history as set forth by the Respondent has not been disputed by the Petitioner in her response. Therefore, the undersigned will set out the undisputed procedural history, in part, as set forth by the Respondent.

Petitioner is currently confined at the Camille Graham Correctional Institution in the South Carolina Department of Corrections pursuant to orders of commitment from the Clerk of Court for Spartanburg County. Petitioner was indicted by the Spartanburg County Grand Jury during the October 23, 2009, term, for murder and possession of a weapon during the commission of a violent crime. Petitioner was represented by J. Roger Poole, Esquire.

Petitioner waived her right to a trial by jury and pleaded guilty to the lesser-included charge of voluntary manslaughter, and the possession of a weapon during the commission of a violent crime charge was dismissed. Petitioner was sentenced by the Honorable J. Mark Hayes, II, Circuit Court Judge, to confinement for thirty years. (Tr. 27).

## **DIRECT APPEAL**

Petitioner filed a timely notice of intent to appeal from her convictions and sentence. However, pursuant to SCACR Rule 203(d)(1)(B), counsel stated on the

Notice of Intent to Appeal that "no issues were raised during the guilty plea, however, the client insisted upon an appeal." The South Carolina Court of Appeals dismissed the appeal on March 10, 2011, for a failure to demonstrate any issues preserved for appellate review. The remittitur was returned on March 29, 2011.

## PCR

On November 19, 2011, Petitioner filed an Application for Post-Conviction Relief (PCR), asserting a claim for ineffective assistance of counsel. An evidentiary hearing in this action was held on September 5, 2012, before the Honorable J. Derham Cole, South Carolina Circuit Court Judge. Petitioner was present and was represented by Judy A. Blackwell, Esquire. The State was represented by Suzanne H. White, Esquire, of the South Carolina Attorney General's Office. At the hearing, Petitioner testified on her own behalf. Also testifying on Petitioner's behalf were her mother, Debra Teal (Tr. 55-57), her sister, Deborah Parsons (Tr. 71-77), and her cousin, Ronnie Wayne Waddell (Tr. 57-71, 113-118). The PCR court filed an Order of Dismissal on December 12, 2012, denying the application.

## PCR Appeal

Petitioner filed a Notice of Appeal from the denial of her PCR application and was represented by Robert M. Pachak, Appellate Defender with the South Carolina Commission on Indigent Defense. The appeal was perfected with the filing of a

<u>Johnson</u> Petition for Writ of Certiorari raising the following issue:

> Whether plea counsel was ineffective in failing to introduce sufficient evidence to mitigate petitioner's sentence?

Petitioner submitted a *pro se* response on April 29, 2013. By Order filed February 25, 2015, the South Carolina Court of Appeals denied the <u>Johnson</u> Petition for Writ of Certiorari, granted counsel's request to withdraw, and the remittitur was issued on March 16, 2015. (Docs. #18-4 and #18-5).

## **HABEAS ALLEGATIONS**

Petitioner raised the following allegations in her habeas petition, quoted verbatim:[2]

GROUND ONE:        Ineffective assistance of counsel.

    a.    Counsel failed to examine all evidence
    b.    Counsel had never handled a case of this nature-by his admission he had only handled property crime, etc.
    c.    Counsel failed to request a psych evaluation.
    d.    Counsel failed to bring up past hospitalizations due to psychiatric problems.
    e.    Counsel failed to bring up victim's arrest history and violent nature toward myself and others.
    f.    Counsel failed to mention mitigating circumstances during court hearing.

(Petition)(error in original).

---

[2] Petitioner listed all claims in one paragraph. The claims have been designated as a-f.

4

## STANDARD FOR SUMMARY JUDGMENT

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c).

The moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute

5

for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his/her pleadings. See Celotex, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves). Rather, the party must present evidence supporting her/his or her position through "depositions, answers to interrogatories, and admissions on file, together with ... affidavits, if any." Id. at 322; see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999

6

F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

## **STANDARD OF REVIEW**

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim-
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the State court proceeding.

Thus, a writ may be granted if a state court "identifies the correct principle from [the Supreme] Court's decisions but unreasonably applies that principle of law" to the facts of the case. Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (citing Williams v. Taylor, 529 U.S. 362, 413 (2000)). However, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." Id. "Thus, to grant [a] habeas petition, [the court] must conclude that the state court's

adjudication of his/her claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004).  Further, factual findings "made by a State court shall be presumed to be correct," and a Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## PROCEDURAL BAR

The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, Smith v. Murray, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The two routes of appeal in South Carolina are described above, (i.e., direct appeal, appeal from PCR denial) and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules

8

promote

> . . . not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

Reed v. Ross, 468 U.S. 1, 10-11 (1984).

Although the federal courts have the power to consider claims despite a state procedural bar,

> . . . the exercise of that power ordinarily is inappropriate unless the defendant succeeds in showing both "cause" for noncompliance with the state rule and "actual prejudice" resulting from the alleged constitutional violation.

Smith v. Murray, 477 U.S. 533 (quoting Wainwright v. Sykes, 433 U.S. at 84 (1977)).

See also Engle v. Isaac, 456 U.S. 107, 135 (1982).

Stated simply, if a federal habeas Petitioner can show (1) cause for his/her failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim. Where a Petitioner has failed to comply with state procedural requirements and cannot make the required showing(s) of cause and prejudice, the federal courts generally decline to hear the claim. See Murray v. Carrier, 477 U.S.478, 496 (1986).

## ANALYSIS

## Ground One

In Ground One of the federal habeas petition, Petitioner alleges ineffective assistance of counsel with several subcategories.

When presented with an application for habeas relief, the first inquiry by the court is to determine whether the claim raised in the petition was "adjudicated on the merits" by the state court. 28 U.S.C.A. §2254(d). If the claim was properly presented to the state court and the state court adjudicated it, the deferential standard of review set forth in §2254(d) applies and federal habeas corpus relief may not be granted unless the relevant state-court adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." Id. § 2254(d)(1),(2); see Williams v. Taylor, 529 U.S. at 398.

Respondent asserts that Petitioner's Grounds One (b), (c), and (d) are procedurally barred as they were not raised and addressed by the state court.

In Ground One (b), Petitioner alleges ineffective assistance of counsel asserting counsel had never handled a case of this nature but stated he had "only handled property crime, etc."[3] In Ground One(c), Petitioner alleges ineffective assistance of

---

[3]  It is well settled that simply because the attorney is inexperienced or practiced in an area other than criminal law is not sufficient to establish ineffective assistance of counsel. United States v. Cronic, 466 U.S. 648, 665, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984) ("Every experienced criminal defense attorney once tried his first criminal case.") The analysis of ineffective assistance of

counsel for failing "to request a psychological evaluation."[4] In Ground One(d),

Petitioner alleges counsel "failed to bring up past hospitalizations due to psychiatric

problems."[5] These issues were not raised at PCR and, therefore, not ruled upon by the

state court. Therefore, these issues are procedurally barred from federal habeas review.

See Coleman, supra. Federal habeas review of these claims are now precluded absent

a showing of cause and prejudice, or actual innocence. Martinez v. Ryan, 132 S. Ct.

1309 (2012).[6] In this case, Petitioner has not presented any argument for cause in her

_____

counsel must focus on the "actual performance" of the attorney. In this case, the PCR court found that counsel adequately conferred with the Applicant, conducted a proper investigation, was thoroughly competent in his representation, and that counsel's conduct does not fall below the objective standard of reasonableness." (Tr. 144).

[4] Petitioner failed to present evidence of a psychological condition warranting an evaluation, or that affected her competency to stand trial, to enter a plea, or to accept criminal responsibility. This assertion was not brought up at the time of the plea or at the PCR hearing. During the plea, Petitioner stated that she understood her rights and waived those rights. Further, Petitioner stated that she had not consumed any type of substance that adversely or negatively affected her ability to understand what she was doing. Upon being asked by the judge if she had ever been treated for any type of drug or alcohol abuse, she stated that she had been treated for both at the SEDAC when she was sixteen years old. (Tr. 5). There was no mention of any psychological problems.

[5] Petitioner failed to present evidence to support a claim of past hospitalizations due to psychiatric treatment. See also Footnote 4.

[6] To establish cause under Martinez, Petitioner must demonstrate (1) that PCR counsel was ineffective under Strickland and (2) that "the underlying ineffective-assistance-of-counsel claim is a substantial one." Martinez, 132 S. Ct. at 1318. Therefore, Petitioner must show that PCR counsel's failure to raise this issue at PCR or to file a Rule 59 motion was "objectively unreasonable, and that, but for his errors, there is a reasonable probability that Petitioner would have received relief on a claim of ineffective assistance of trial counsel in the state post-conviction matter." Sexton, 679 F.3d at 1157; see also Williams v. Taylor, 529 U.S. 362, 391 (2000) (stating that "the Strickland test provides sufficient guidance for resolving virtually all ineffective assistance-of-counsel claims"); Strickland v. Washington, 466 U.S. at 687 (stating to demonstrate ineffective assistance of counsel, a petitioner must show that (1) counsel's errors were so serious that her performance was below the objective standard of reasonableness

response in opposition to summary judgment. Rather, in her memorandum, Petitioner focuses on restating the grounds raised in her petition, and does not discuss any potential cause for her procedurally defaulted claims. Further, Petitioner fails to show actual innocence. See Blackledge v. Allison, 431 U.S. 63, 73–74 (1977)(it is presumed that a defendant's statements at the guilty-plea hearing are presumed to be true).[7] Therefore, Petitioner has failed to show cause for her procedural default on these issues and it is recommended that Respondent's motion for summary judgment be granted with respect to Grounds One (b), (c), and (d).

In Ground One (a), (e), and (f), Petitioner alleges ineffective assistance of counsel. The Sixth Amendment to the United States Constitution guarantees a

---

guaranteed by the Sixth Amendment to the United States Constitution and (2) petitioner was prejudiced as a result).

Here, as discussed above in footnotes 3-5, Petitioner has not demonstrated that her claims are substantial claims of ineffective assistance of plea counsel; that PCR counsel was objectively unreasonably in failing to raise them; and that but for PCR counsel's alleged errors, there is a reasonable probability that Petitioner would have received relief on her claims that plea counsel was ineffective. See Martinez, 132 S. Ct. at 1319; see also Fowler, 753 F.3d at 461 (breaking down the Martinez analysis). Petitioner has failed to show that she was prejudiced by counsel's actions as she cannot establish a "reasonable probability that, but for counsel's errors, she would not have pleaded guilty and would have insisted on going to trial." Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000) (quoting Hill v. Lockhart, 474 U.S. 52, 59(1985)). Accordingly, Petitioner cannot satisfy Martinez's limited exception.

[7] A plea of guilty is considered by the court to be a solemn judicial admission that the charges against the defendant are true. The defendant may not later argue that his plea was invalid except in extremely limited circumstances, Blackledge v. Allison, 431 U.S. 63 (1977) (explaining that in a very limited number of cases the court will allow a defendant's challenge to his plea on the basis that the plea was "the product of such factors as misunderstanding, duress, or misrepresentation by others," though the allegations must be concrete and specific).

defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). In the case of Strickland , supra, the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A petitioner must first show that his/her counsel committed error. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Turner v. Bass, 753 F.2d 342, 348 (4th Cir. 1985) (quoting Strickland, reversed on other grounds, 476 U.S. 28 (1986)). In meeting the second prong of the inquiry, a complaining defendant must show that he was prejudiced before being entitled to reversal. Strickland requires that:

> [T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

Strickland, at 694.

However, to prevail on a claim of ineffective assistance of counsel in connection with a guilty plea, the Strickland test is "some what different." Burket v.

<u>Angelone</u>, 208 F.3d 172, 189 (4th Cir. 2000). To establish the prejudice prong of the <u>Strickland</u> test, a habeas petitioner who pleaded guilty must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." <u>Id</u>. (quoting <u>Hill v. Lockhart</u>, 474 U.S. 52, 59 (1985)) (discussing the <u>Strickland v. Washington</u> standard to establish ineffectiveness of counsel in the context of a guilty plea).

In Ground One(a), Petitioner alleges ineffective assistance of counsel for failing "to examine all of the evidence." In Ground One(e), Petitioner alleges counsel "failed to bring up victim's arrest history and violent nature toward myself and others." In Ground One(f), Petitioner alleges counsel "failed to mention mitigating circumstances during court hearing." These issues were raised and ruled upon by the PCR court and raised in the <u>Johnson</u> petition and/or the *pro se* response to the <u>Johnson</u> petition.

The PCR court held as follows:

> At the hearing, the Applicant alleged specifically that Counsel was ineffective for failing to introduce sufficient evidence at the mitigation part of her trial. Applicant testified that she did not find it easy to get in touch with Counsel. The Applicant introduced a picture of a cut on her arm as Exhibit #1, which Applicant claimed occurred during the altercation between the victim and her. Applicant testified that Counsel should have used that item during the mitigation phase of her plea.
>
> Applicant's mother, Debra Teal, also testified. Debra testified that she did speak at the plea and told the victim's

14

family that the Applicant was sorry for what happened and hoped they could forgive her. Debra also testified that she never saw any violence between the victim and Applicant, but had seen marks on Applicant's arm.

Ronnie Wayne Waddell, the Applicant's cousin, testified on Applicant's behalf.   Waddell testified that he went to speak with Counsel regarding prior incidents of violence between the victim and the Applicant. Waddell testified that he previously was in a home with both when he heard an argument where the victim accused the Applicant of cheating on her and proceeded to slap her twice. However, Waddell testified that he did not call the police. Waddell testified that he knew the victim to be very violent when he drank, but he had also seen the Applicant when she was drinking or on drugs and she could also be violent.

Applicant's sister, Deborah Parsons, testified as well. Parsons testified that a statement given to police on the night of the stabbing that implicated her sister was actually written by another sister who signed Parsons' name.   Parsons testified that she had seen several incidents where the victim was violent towards her sister, but she indicated that no one ever called the police in those situations.  Parsons also testified that Counsel advised her not to speak on Applicant's behalf at the plea.

Counsel testified that he filed discovery motions on behalf of the Applicant and received a great deal of information, including photos of the Applicant and victim. Counsel testified that it did appear on the pictures that there was some facial bruising, superficial lacerations and a cut on Applicant's arm, as he reviewed Applicant's Exhibit #2, more pictures of the Applicant. However, Counsel also testified that he was told of the Applicant's self-harming behavior, so she often had self-inflicted wounds. Counsel testified that the

15

Applicant had told him of the altercation. Counsel testified that he discussed with her the elements of the offenses and whether or not there were any defenses, but that the Applicant always had expressed the desire to plead guilty. Counsel also testified that he and an investigator, Wendy Alley, met with the Applicant, but that neither of them determined that there was anything that would support a defense, including a battered spouse defense. Counsel also reviewed Applicant's Exhibit #3, a copy of the victim's NCIC report, which indicated several previous charges related to domestic violence. Counsel testified that the Applicant always wanted to plead guilty to voluntary manslaughter instead of proceeding to trial on murder. Counsel testified that [he] spoke with the Applicant about her rights, the judge's sentencing discretion, and the elements of the charges. Counsel testified that ultimately, his strategy was to offer to plead and get the best deal. Counsel testified that he did speak with Applicant's mother and sister about being present at the plea, but did advise Parsons to not speak at the plea, based upon the previously written statement that had been given to the police. However, Counsel testified that he was never given any other names of people to call for support during mitigation.

Counsel also testified that there were two witnesses who saw the stabbing and there was never any report of the victim having a knife. In fact, Counsel testified that the Applicant herself stated that the victim was not armed. Counsel testified that there was a very rough family history and he tried to weight [sic] the risk of disparaging the victim with presenting mitigation evidence.

This Court finds that the Applicant has failed to meet her burden of proof as to this claim. With respect to guilty plea counsel, the Applicant must show that there is a reasonable probability that, but for counsel's alleged

errors, he would not have pled guilty and would have insisted on going to trial. <u>Hill v. Lockhart</u>, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed. 2d 203 (1985). This Court finds Counsel's testimony to be the most credible and finds it credible that the Applicant always wanted to plead guilty. This Court can find no deficiency on Counsel's behalf for failing to have Waddell or Parsons speak at the guilty plea. It is clear that Counsel examined all of the evidence, including witness statements, as well as spoke with the Applicant about the facts and elements of the charges that she faced. Counsel reviewed the options with the Applicant and the Applicant chose to plead guilty. This Court cannot find that there was any prejudice as a result of Counsel's failure to produce additional evidence in mitigation at the plea. Therefore, this claim is denied and dismissed.

*Summary*

This Court further finds counsel adequately conferred with the Applicant, conducted a proper investigation, was thoroughly competent in his representation, and that counsel's conduct does not fall below the objective standard of reasonableness.

Accordingly, this Court finds the Applicant has failed to prove the first prong of the <u>Strickland</u> test –that counsel failed to render reasonably effective assistance under prevailing professional norms. The Applicant failed to present specific and compelling evidence that counsel committed either errors or omissions in his representation of the Applicant.

This Court also finds the Applicant has failed to prove the second prong of <u>Strickland</u> –that she was prejudiced by counsel's performance. This Court concludes the Applicant has not met her burden of proving counsel failed to render reasonably effective assistance. See

Frasier supra.    Therefore, this allegation is denied.

(Tr. 139-145).

Based upon the record, the PCR court's rejection of the ineffective assistance of counsel grounds for relief was not "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or did not result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(1), (2). The PCR court found Petitioner's testimony not credible while finding plea counsel's testimony credible. The PCR court's factual determinations regarding credibility are entitled to deference in this action. See 28 U.S.C. §2244(e)(1); Evans v. Smith, 220 F.3d 306, (4th Cir. 2000); Cagle v. Branker, 520 F.3d 320, 324 (4th Cir.2008), (citing 28 U.S.C. § 2254(e)(1) (for a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear)); see also Marshall v. Lonberger, 459 U.S. 422, 434, 103 S.Ct. 843, 74 L.Ed.2d 646, (1983) ("28 U.S.C. § 2254(d) gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them").

At the evidentiary hearing, trial counsel testified that he filed discovery motions and received a great deal of information including photographs of the Petitioner and

18

the victim. Counsel stated that even though there was some facial bruising, superficial lacerations and a cut on Petitioner's arm, he had been told of Petitioner's self-harming behavior of often self-inflicting wounds. Counsel discussed the elements of the offenses, and any possible defenses with Petitioner, but she always expressed the desire to plead guilty to voluntary manslaughter rather than proceeding to trial on the murder charge. (Tr. 88).

Counsel spoke to Petitioner's mother and sister about being present at the plea but, while the mother spoke during the plea hearing, counsel advised the sister not to speak due to the previously written statement with her signature that had been given to the police on the night of the stabbing implicating Petitioner.[8] Counsel testified that there were two witnesses who saw the stabbing but there was never any report of the victim having a knife, and Petitioner herself stated that the victim was not armed (Tr. 108). He did not see the benefit of pictures of some cuts on her arm for mitigating purposes when Petitioner admitted that the victim was not armed. (Tr. 90-91). Counsel testified that there was also a statement in the discovery that was provided to the court from a bar owner who testified that the Petitioner came into the bar, hit the victim over the head with a beer bottle, and came back in with a knife to try and stab the victim.

---

[8] At the PCR hearing, Petitioner's sister, Deborah Parsons, testified that a statement given to the police on the night of the stabbing implicating Petitioner was actually written by another sister who signed Parson's name.

(Tr. 108-109). Counsel further testified that there were no medical reports or police reports to introduce to reveal that Petitioner ever filed any charges against the victim for criminal domestic violence or assault. (Tr. 109). Counsel also testified that he and the investigator met with witnesses and Petitioner but determined there was not anything that would support a defense, including a battered spouse defense. (Tr. 86, 112). Counsel testified that he tried to weigh the risk of disparaging the victim with presenting mitigation evidence. Specifically, counsel testified "I'm not, I'm not going to go into a plea that, you know, where you're trying to get the benefit and talk about somebody who's not there, that he's dead, and talk about them being a thief." (Tr. 98). Also, PCR counsel admitted at the PCR hearing that the statements that the victim was violent were written a year after the plea and that no-one gave this information to plea counsel to investigate. (Tr. 104).

Counsel testified to his strategy to offer to plead and attempt to obtain the best possible deal while having a couple of family members speak on her behalf. Id. Courts are instructed not to second guess an attorney's trial strategy and tactics. Stamper v. Muncie, 944 F.2d 170, 178 (4th Cir. 1991); Goodson v. United States, 564 F.2d 1071, 1072 (4th Cir. 1977); see also Strickland, 466 U.S. at 689 ("[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that,

20

under the circumstances, the challenged action 'might be considered sound trial strategy.'").

The PCR court used the correct <u>Strickland</u> standard in determining counsel was not ineffective. The PCR court's factual conclusions were not unreasonable based on the evidence presented at the PCR evidentiary hearing. The PCR court also found that Petitioner failed to show prejudice. Additionally, a plea of guilty is considered by the court to be a solemn judicial admission that the charges against the defendant are true. The defendant may not later argue that his/her plea was invalid except in extremely limited circumstances, <u>Blackledge v. Allison</u>, 431 U.S. 63 (1977) (explaining that in a very limited number of cases the court will allow a defendant's challenge to his plea on the basis that the plea was "the product of such factors as misunderstanding, duress, or misrepresentation by others," though the allegations must be concrete and specific). "The accuracy and truth of an accused's statements at a Rule 11 proceeding in which his guilty plea is accepted are 'conclusively' established by that proceeding unless and until he makes some reasonable allegation why this should not be so." <u>Crawford v. United States</u>, 519 F.2d 347, 350 (4th Cir. 1975).[9] When there has been a guilty plea,

_____

[9] <u>See</u> <u>also</u> <u>Bemis v. United States</u>, 30 F.3d 220, 222-23 (1st Cir.1994)(observing general rule that a defendant pursuing habeas relief is "ordinarily bound by his or her representations in court" vis-a-vis a plea); <u>United States v. Butt</u>, 731 F.2d 75, 80 (1st Cir.1984)(affirming denial of habeas motion without a hearing, concluding that the movant's allegations that his attorney had mislead him concerning the judge's acceptance of the plea were "unsupported by specific facts and contradicted by the record," the habeas motion being bare of "credible, valid reasons why a

the applicant must prove that counsel's representation was below the standard of reasonableness and that, but for counsel's unprofessional errors, there is a reasonable probability that she would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 58-59, 106 S.Ct. 366, 370 (1985); Roscoe v. State, 345 S.C. 16, 20, 546 S.E.2d 417, 419 (2001). See Strickland, 466 U.S. at 696 (providing the burden is on the petitioner to demonstrate counsel's ineffectiveness). For all of the above reasons, it is recommended that Respondent's motion for summary judgment be granted as to Ground One (a), (e) and (f).

## CONCLUSION

As set out above, a review of the record indicates that the petition should be dismissed. Therefore, it is RECOMMENDED that Respondent's motion for summary judgment (Doc. #19) be granted and the petition be dismissed without an evidentiary hearing.

Respectfully submitted,

s/Thomas E. Rogers, III

September 12, 2016
Florence, South Carolina

Thomas E. Rogers, III
United States Magistrate Judge

**The parties' attention is directed to the important information on the attached notice.**

departure from [his] earlier contradictory statements is ... justified," citing Crawford v. United States, 519 F.2d 347, 350 (4 th Cir.1975)).